011513.0015.2V.00420310.001     UNITED STATES BANKRUPTCY COURT     1208102.Court.278
Case 12-08102-8-JNC   Eastern District of North Carolina Fayetteville Division
Case 12-08102-8-JNC    Doc 12    Filed 01/16/13    Entered 01/16/13 09:40:15     Page 1 of 11

```
1208102-Court-A-U.S.                        IN RE
JOHN T ORCUTT                               BOBBY RAYNOR MCDANIEL
ATTORNEY AT LAW                             167 UNITY LANE
6616-203 SIX FORKS RD
RALEIGH, NC 27615-0000                      CLINTON, NC 28328
                                            SSN or Tax I.D.    XXX-XX-6002

Chapter 13
Case Number:    12-08102-8-SWH
```

                                                      U.S. Bankruptcy Court
                                                      1760-A Parkwood Blvd
                                                      Wilson, NC 27893

## NOTICE OF MOTION FOR CONFIRMATION OF PLAN

Robert R. Browning, Interim Trustee, Chapter 13 Trustee has filed papers with the Court to Confirm the Chapter 13 Plan.

<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the Motion For Confirmation Of Plan, or if you want the court to consider your views on the motion, then on or before 02/15/2013, you or your attorney must file with the court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

```
                    U.S. Bankruptcy Court
                    Eastern District of North Carolina
                    1760-A Parkwood Blvd
                    Wilson, NC  27893
```

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also mail a copy to debtor(s), debtor(s) attorney and trustee at the following addessses:

```
Debtor(s):                    Attorney:                        Trustee:
BOBBY RAYNOR MCDANIEL         JOHN T ORCUTT                    Robert R. Browning, Interim
167 UNITY LANE                ATTORNEY AT LAW                  Trustee
CLINTON, NC 28328             6616-203 SIX FORKS RD            P.O. Box 1618
                              RALEIGH, NC 27615-0000           New Bern, NC 28563
```

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set and all parties will be notified accordingly.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

```
Date:   January 15, 2013              Robert R. Browning, Interim Trustee
                                      Chapter 13 Trustee
                                      P.O. Box 1618
                                      New Bern, NC 28563
```

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN RE:                                                  CASE NUMBER:  12-08102-8-SWH

    BOBBY RAYNOR MCDANIEL

                                                                     CHAPTER 13
                    DEBTOR(S)

MINUTES OF 341 MEETING AND
MOTION FOR CONFIRMATION OF PLAN

NOW COMES the Trustee in the above referenced Chapter 13 case moving the Court for an Order confirming the Plan in the case and, in support, of said Motion, says unto the Court:

1. That the debtor(s) appeared at the meeting of creditors, as required by 11 U.S.C. § 341 and submitted to an examination under oath by the Trustee on January 2, 2013, or has supplied answers to written interrogatories;

2. The Debtor(s) has/have complied with all requirements of 11 U.S.C. §521(a)(1)(B) and Interim Bankruptcy Rules 1007 and 4002(b), as modified and adopted by this Court, and this case has not been dismissed, nor is it subject to dismissal, under 11 U.S.C. §521(i).

3. That there are no pending objections to confirmation or other filings or pleadings that would impede the confirmation of the Plan in this case;

4. The analysis of this Plan has been performed by the Trustee, as evidenced by Exhibit "A" attached hereto, and the Trustee is of the opinion that the Plan meets the requirements of 11 U.S.C. §1325;

5. That the Trustee has reviewed the Schedules and information in Debtor(s) Petition and, as of the date of this Motion, has determined that the Debtor(s) annualized current monthly income does not exceed the median family income for the State of North Carolina and further has determined that the Debtor(s) does/do not have projected disposable income as defined in 11 U.S.C. §1325(b)(2), In Re Alexander, 344 B.R. 742 (Bankr. E.D.N.C. 2006) and In Re Carney, 06-00392-8-JRL (E.D.N.C August 23, 2006). Based on such review the debtor(s) plan payments should be:

    $1,178.00   for   15   Months
    $894.00     for   42   Months
                  for       Months
                  for       Months

The above stated monthly payments may include monies as calculated by the Trustee to meet the best interest of creditors test ("liquidation test") in addition to the projected disposable income of the Debtor(s).

a. <u>Review of Plan</u>. This plan will be reviewed by the trustee at claims bar date (as hereinafter defined in Paragraph "7") to determine whether Debtor(s) has/have any projected disposable income to pay to and for the benefit of general unsecured creditors. The plan will be further reviewed at government bar date as to claims accruing pre-petition. If the Trustee finds projected disposable income at such review(s) the plan will be modified accordingly. Debtor(s) will be notified of the needed modification by the issuance of a Notice of Requirement to Modify by the trustee.

b. <u>Debtors with Disposable Income and/or Equity</u>. If it has been determined that Debtor(s) has/have projected disposable income and/or equity in property pursuant to the liquidation test to be applied for the benefit of general unsecured claims they will be paid approximately $ 0.00 through the plan. This figure is subject to modification as to all debtors upon final review by the trustee as set forth above. The obligation of the debtor(s) to make plan payments may cease upon payment to the Trustee of a sum sufficient to pay the required sum for the benefit of general unsecured creditors.

c. <u>Debtors With No Disposable Income</u>. If it has been determined that Debtor(s) has/have no projected disposable income and no equity in property pursuant to the liquidation test to be applied for the benefit of general unsecured creditors the obligation of the debtor(s) to make such payments shall cease upon payment to the Trustee of a sum sufficient to pay all allowed arrearage claims on secured debts, or other allowed secured claims (not including those to be paid "outside" the plan), unsecured priority claims, administrative claims and co-sign protect claims (if any) in full, along with the amount indicated below to be paid on general unsecured claims. <u>IN SUCH EVENT THE GENERAL UNSECURED CLAIMS WILL BE PAID $0.00 THROUGH THIS PLAN</u>.

d. <u>Effect of Government Claims Accruing Post Petition Filed After Bar Date</u>. Claims filed by any governmental agency after the claims bar date but before the government bar date that accrue post petition, as set forth in Paragraph 7, and claims filed post petition pursuant to 11 U.S.C. §1305, if more than projected at the claims bar date, will cause the plan to be subject to modification and amendment but will not effect the monies to be paid to general unsecured creditors, if any, as established in the procedures hereinabove set forth.

6. That the liens of creditors which will not be paid in full during the term of the Plan or which are to be paid directly by the debtor(s) are not affected by the confirmation of this Plan;

7. Generally, and subject to orders entered hereafter by this Court, any claim proof of which is not filed on or before April 2, 2013 ("Bar Date") shall be disallowed. Claims of governmental units, proofs of which are not filed before June 1, 2013 ("Government Bar Date") shall be disallowed.

8. That the claims of secured creditors shall be paid as secured to the extent of the claim or to the extent of the value of the collateral as set out below. Provided sufficient funds are available, and a proof of claim has been filed and allowed, the secured creditors listed below can expect to receive a minimum monthly payment equal to 1% of the value of their collateral.

a. Claims to be paid directly by the Debtor:

| Creditor | Collateral | Repayment Rate/Term |
|---|---|---|
| #028 Sampson Co | Tax lien (1601 W. Main St) | Outside |

| Creditor | Collateral | |
|---|---|---|
| #029 Sampson Co | Tax lien arrears | -0- |
| | | NO CLAIM FILED |
| #030 Sampson Co | Tax lien (1661 W. Main St) | Outside |
| #031 Sampson Co | Tax lien arrears | -0- |
| | | NO CLAIM FILED |

    b.  Post-Petition Conduit Mortgage Payments to be paid by the Trustee:

    The Trustee will disburse regular ongoing monthly payments effective with the month indicated below with the Debtor to resume direct payments upon completion of plan payments. Arrearage through the month indicated will be paid in full over the term of the plan without interest as funds are available unless otherwise indicated. To receive disbursements, a creditor must file a proof of claim documenting a non-preferential perfected lien against the property. The Trustee will disburse the regular monthly payment indicated below unless an allowed filed claim indicates a different payment.

| Creditor | Collateral | Repayment Rate/Term |
|---|---|---|
| #800 Nationstar Mortgage | Residence | Contractual payment in the amount of $427.00 to be made by Trustee effective with the February 2013 payment |
| #800 Nationstar Mortgage | Residence administrative arrearage claim | $854.00 to be paid over life of plan (December 2012 and January 2013 payments) |
| #802 Nationstar Mortgage | Residence pre-petition arrears | $3,400.00 to be paid over life of plan |
| | | NO CLAIM FILED |

    c.  Claims paid to extent of claim as filed:

| Creditor | Collateral | Repayment Rate/Term |
|---|---|---|
| #026 Regional Acceptance | '06 Nissan Xterra | $16,009.00 @ 5.25% to be paid over life of plan |
| | | NO CLAIM FILED |

    d.  Claims paid to extent of value:

| Creditor | Collateral | Present Value | Repayment Rate/Term |
|---|---|---|---|
| NONE | | | |

9. That the following creditors have filed secured proofs of claims but, due to the value placed on the collateral, the claims will be treated as unsecured and paid along with other unsecured claims. With respect to claims listed below for which the terms of repayment are listed as "Surrender," upon entry of an Order confirming the plan, as modified by this Motion, the automatic stay of §362(a) and the automatic codebtor stay of §1301 shall thereupon be lifted and modified with respect to such property "for cause" under §362(d)(1), as allowed by local rule 4001-1(b).

   NONE

   Reference herein to "Direct" or "Outside" or similar language regarding the payment of a claim under this plan means that the Debtor(s) or a third party will make the post-petition payments in accordance with the contractual documents which govern the rights and responsibilities of the parties of the transaction, including any contractual modifications thereof, beginning with the first payment that comes due following the order for relief.

10. That the treatment of claims indicated in paragraphs 8 and 9 above, are based on information known to the Trustee at the time of the filing of this Motion. The treatment of some claims may differ from that indicated if subsequent timely filed claims require different treatment;

11. That the following executory contracts and unexpired leases shall be either assumed or rejected as indicated below:

| Creditor | Property Leased or Contracted For | Treatment |
|---|---|---|
| NONE | | |

12. That priority claims shall be paid in full over the term of the Plan;

13. That confirmation of this Plan will be without prejudice to pending Motions For Relief From the Automatic Stay and will be without prejudice to objections to claims and avoidance actions;

14. **POST-PETITION CONDUIT MORTGAGE PAYMENTS PAID INSIDE THE PLAN** – Post-petition conduit mortgage payments listed in Section 8 (b) to be paid inside the Debtor's Plan shall be paid its contractual monthly payments by the Trustee with the Debtor to resume direct payments upon completion of plan payments. To receive disbursements, a creditor must file a proof of claim documenting a non-preferential perfected lien against the property.

    If the monthly payment on the account changes, the creditor must inform the Trustee, the Debtor and the Debtor's attorney of any change in the conduit payment amount at least thirty (30) days prior to the effective date of the resulting change in the conduit payment amount by filing a supplemental proof of claim with the Court in the manner required in the Court's Administrative Order Establishing Procedures Governing Post-Petition Conduit Mortgage Payments Effective January 1, 2010 entered November 5, 2009. Failure to provide such notice shall result in a waiver by the creditor of the right to collect any increase in the monthly payment for which notice thereof was not provided unless otherwise ordered by the Court.

    If the Debtor's Plan pays all of the required conduit payments, arrearage payments and other mortgage-related claims, as specified in the confirmed plan or any amendment thereto, then all pre-confirmation and post-confirmation defaults shall be deemed cured, and the mortgage loan,

together with the note and any other loan documents or amended loan documents shall be deemed at least current as of the date of the disbursement of the final plan payment. Upon completion of the Debtor's Plan payments, the Trustee shall file a motion and a notice of motion seeking entry of an order of the Court that the mortgage is deemed current.

Costs of collection, including attorneys' fees, incurred by the claim holder, and approved by the Court, after the filing of this Bankruptcy case and before the final payment under the Plan shall be added to the pre-petition arrearage claim.

15. That confirmation of the Plan vests all property of the estate in the debtor(s);

16. That the attorney for the debtor(s) is requesting fees in the amount of $4,025.00. The Trustee recommends to the Court a fee of $4,025.00. If the recommended fee is different from that requested, an explanation can be found in Exhibit "A".

                                                             s/ Robert R. Browning  
                                                             Robert R. Browning, Interim Trustee  
                                                             Standing Chapter 13 Trustee

**EXHIBIT 'A'**                         CASE NUMBER: 12-08102-8-SWH
**DEBTORS:   BOBBY RAYNOR MCDANIEL**

**EMPLOYMENT:**
Debtor:       SAMPSON CO SCHOOLS              GROSS INCOME:    $35,316.00
              SIDE WORK
Spouse:       CSR                                              $38,097.00

**Prior Bankruptcy cases:**   Yes ☒   No ☐   If so, Chapter  7  filed  05/16/05
Disposition:   DISCHARGED 08/24/05

**Real Property**: House and Lot X  Mobile home ☐  Lot/Land ☐  Mobile Home/Lot ☐
Description:   RESIDENCE
FMV            $43,000.00              Date Purchased
Liens          $59,284.00              Purchase Price
Exemptions                             Improvements
Equity         $ 0.00                  Insured For
Rent                                   Tax Value

**Real Property**: House and Lot X  Mobile home ☐  Lot/Land ☐  Mobile Home/Lot ☐
Description:   1661 WEST MAIN ST   ¼ INTEREST
FMV            $33,000.00              Date Purchased
Liens                                  Purchase Price
Exemptions     $5,000.00               Improvements
Equity         $ 0.00                  Insured For

**COMMENTS**:

**Attorney Fees**:   Requested:   $4,025.00        (excluding filing fee)
                     Paid:        $0.00            (excluding filing fee)
                     Balance:     $4,025.00

**Trustee's Recommendation:**        $4,025.00
Comments:

**Plan Information**:

| Plan Information: | | After 341 | | Payout % After 341 | |
|---|---|---|---|---|---|
| Total Debts | $74,531.34 | Pay in | $55,173.00 | Priority | 100.00% |
| Priority | $4,025.00 | Less  6.00% | $3,310.38 | Secured | 100.00% |
| Secured | $45,234.34 | Subtotal | $51,862.62 | Unsecured | 0% |
| Unsecured | $25,272.00 | Req. Atty. Fee | Incl. w/ claims | Joint | % |
| Joint Debts | | Available | $ 0.00 | Co-Debts | % |
| Co-Debtor | | | | | |

                                **Payroll Deduction:**  Yes   X        No  ☐
Objection to Confirmation:       Yes  ☐        No   X

   Pending:   SEE COURT DOCKET
   Resolved:  SEE COURT DOCKET

Motions Filed:       Yes ☐      No   X

   If so, indicate type and status:   SEE COURT DOCKET

Hearing Date:

| | | | |
|---|---|---|---|
| CASE: 1208102 | TRUSTEE: 2V | COURT: 278 | Page 1 of 3 |
| TASK: 01-14-2013.00420310.LSA000 | | DATED: 01/15/2013 | |

| | | | |
|---|---|---|---|
| Court | | Served Electronically | |
| Trustee | | Robert R. Browning, Interim Trustee | P.O. Box 1618<br>New Bern, NC 28563 |
| Debtor | | BOBBY RAYNOR MCDANIEL | 167 UNITY LANE<br>CLINTON, NC 28328 |
| 799 | 000002 | JOHN T ORCUTT<br>6616-203 SIX FORKS RD | ATTORNEY AT LAW<br>RALEIGH, NC 27615-0000 |
| 001 | 000021 | ADMIN RECOVERY, LLC | 9159 MAIN ST<br>CLARENCE, NY |
| 015 | 000014 | INTERNAL REVENUE SERVICE | PO BOX 7346<br>PHILADELPHIA, PA 19101 |
| 042 | 000015 | THE HONORABLE ERIC HOLDER<br>950 PENNSYLVANIA AVE NW | US DEPT OF JUSTICE<br>WASHINGTON, DC 20530-0001 |
| 021 | 000025 | PORTFOLIO<br>SUITE 100 | 120 CORPORATE BLVD<br>NORFOLD, VA 23502 |
| 003 | 000022 | BELK / GE CAPITAL RETAIL BANK<br>PO BOX 12903 | C/O PORTFOLIO RECOVERY ASSOC<br>NORFOLK, VA 23541 |
| 040 | 000047 | STERN & ASSOCIATES<br>SUITE 2 | 415 N. EDGEWORTH ST<br>GREENSBORO, NC 27401 |
| 037 | 000044 | SPECTRUM LABORATORY NETWORK | P O BOX 35907<br>GREENSBORO, NC 27425-5907 |
| 047 | 000052 | WAKE MEDICAL CENTER | 421 FAYETTEVILLE ST MALL, STE 600<br>RALEIGH, NC 27601 |
| 043 | 000016 | U S ATTORNEY'S OFFICE<br>STE 800 FEDERAL BLDG | 310 NEW BERN AVE<br>RALEIGH, NC 27601-1461 |
| 039 | 000018 | STATE OF NORTH CAROLINA<br>P O BOX 629 | C/O NC DEPARTMENT OF JUSTICE<br>RALEIGH, NC 27602-0629 |
| 019 | 000017 | NC DEPT OF REVENUE | P O BOX 1168<br>RALEIGH, NC 27602-1168 |
| 023 | 000037 | PROGRESS ENERGY INC | P O BOX 1551<br>RALEIGH, NC 27602-1551 |
| 016 | 000019 | JOHN T ORCUTT<br>6616-203 SIX FORKS RD | ATTORNEY AT LAW<br>RALEIGH, NC 27615-0000 |
| 017 | 000020 | JOHN T ORCUTT<br>6616-203 SIX FORKS RD | ATTORNEY AT LAW<br>RALEIGH, NC 27615-0000 |
| 024 | 000039 | RBC BANK | PO BOX 1220<br>ROCKY MOUNT, NC 27802 |
| 025 | 000040 | RBC CENTURA BANK | PO BOX 1070<br>CHARLOTTE, NC 28201-1070 |
| 032 | 000011 | SAMPSON COUNTY TAX COLLECTOR | PO BOX 580014<br>CHARLOTTE, NC 28258-0014 |
| 027 | 000008 | REGIONAL ACCEPTANCE | PO BOX 580075<br>CHARLOTTE, NC 28258-0075 |
| 036 | 000046 | SPECTRUM LABORATORY | PO BOX 580286<br>CHARLOTTE, NC 28258-0286 |
| 041 | 000048 | STERN & ASSOCIATES<br>PO BOX 63114 | MANAGING AGENT<br>CHARLOTTE, NC 28263-3114 |
| 010 | 000031 | FAYETTEVILLE ANESTHESIA, P.A. | PO BOX 63196<br>CHARLOTTE, NC 28263-3196 |

CASE: 1208102      TRUSTEE: 2V      COURT: 278  
TASK: 01-14-2013.00420310.LSA000      DATED: 01/15/2013

| | | | |
|---|---|---|---|
| 005 | 000027 | CAPITAL ONE BANK | PO BOX 71083<br>CHARLOTTE, NC 28272 |
| 038 | 000045 | SPECTRUM LABORATORY NETWORK | PO BOX 751337<br>CHARLOTTE, NC 28275-1337 |
| 033 | 000042 | SAMPSON REGIONAL MED CTR | PO BOX 890650<br>CHARLOTTE, NC 28289 |
| 008 | 000029 | FAY OTHO & SPORTS MEDICINE<br>SUITE 100 | 1991 FORDHAM DR<br>FAYETTEVILLE, NC 28304-3650 |
| 009 | 000030 | FAYETTEVILLE AMBULATORY | 1781 METROMEDICAL DR<br>FAYETTEVILLE, NC 28304-3800 |
| 034 | 000041 | SAMPSON REGIONAL MEDICAL CNT | 607 BEAMAN ST<br>CLINTON, NC 28328 |
| 007 | 000036 | DAUGHTRY, WOODARD, LAWRENCE ET AL | 401 COLLEGE ST<br>CLINTON, NC 28328-4009 |
| 028 | 000009 | SAMPSON CO TAX COLLECTOR | PO BOX 207<br>CLINTON, NC 28329 |
| 029 | 000010 | SAMPSON CO TAX COLLECTOR | PO BOX 207<br>CLINTON, NC 28329 |
| 030 | 000012 | SAMPSON CO TAX COLLECTOR | PO BOX 207<br>CLINTON, NC 28329 |
| 031 | 000013 | SAMPSON CO TAX COLLECTOR | PO BOX 207<br>CLINTON, NC 28329 |
| 006 | 000028 | CLINTON X -RAY ASSOCIATES PA | PO BOX 619<br>CLINTON, NC 28329-0619 |
| 020 | 000038 | ONLINE COLLECTIONS | 202 FIRETOWER RD<br>WINTERVILLE, NC 28590-8412 |
| 002 | 000023 | BELK<br>P O BOX 103104 | C/O GE MONEY BANK<br>ROSWELL, GA 30076 |
| 046 | 000051 | VERIZON WIRELESS | PO BOX 105378<br>ATLANTA, GA 30348 |
| 026 | 000007 | REGIONAL ACCEPTANCE | PO BOX 830913<br>BIRMINGHAM, AL 35283 |
| 013 | 000035 | IC SYSTEMS INC | PO BOX 64437<br>ST PAULS, MN 55164 |
| 014 | 000034 | IC SYSTEMS, INC | PO BOX 64137<br>ST PAUL, MN 55164-0137 |
| 012 | 000033 | IC SYSTEMS | PO BOX 64887<br>ST PAUL, MN 55164-0887 |
| 011 | 000032 | IC SYSTEMS | PO BOX 64378<br>SAINT PAUL, MN 55164-4378 |
| 044 | 000049 | VERIZON | PO BOX 26055<br>MINNEAPOLIS, MN 55426-6055 |
| 035 | 000043 | SNAP ON CREDIT | 1125 TRI-STATE PARKWAY<br>GURNEE, IL 60031 |
| 800 | 000003 | NATIONSTAR MORTGAGE<br>350 HIGHLAND DR | ATT; BANKRUPTCY DEPT<br>LEWISVILLE, TX 75067 |
| 801 | 000004 | NATIONSTAR MORTGAGE<br>350 HIGHLAND DR | ATT; BANKRUPTCY DEPT<br>LEWISVILLE, TX 75067 |
| 802 | 000005 | NATIONSTAR MORTGAGE<br>350 HIGHLAND DR | ATT; BANKRUPTCY DEPT<br>LEWISVILLE, TX 75067 |

| CASE: 1208102 | TRUSTEE: 2V | COURT: 278 | Page 3 of 3 |
|---|---|---|---|
| TASK: 01-14-2013.00420310.LSA000 | | DATED: 01/15/2013 | |

| | | | |
|---|---|---|---|
| 018 | 000006 | NATIONSTAR MORTGAGE | PO BOX 650783<br>DALLAS, TX 75265-0783 |
| 045 | 000050 | VERIZON WIRELESS | P O BOX 660108<br>DALLAS, TX 75266-0108 |
| 004 | 000026 | CAPITAL ONE BANK | PO BOX 30285<br>SALT LAKE CITY, UT 84130-0285 |
| 022 | 000024 | PORTFOLIO RECOVERY ASSOCIATES, LLC<br>PO BOX 4115 | DEPARTMENT 922<br>CONCORD, CA 94524-4115 |

54 NOTICES

THE ABOVE REFERENCED NOTICE WAS MAILED TO EACH OF THE ABOVE ON 01/15/2013.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED ON   01/15/2013   BY  /S/EPIQ Systems, Inc.

*CM - Indicates notice served via Certified Mail